UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRE JUSTE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 18-CV-07226-LHK<br><br>**ORDER OF TRANSFER** |

    Petitioner, an immigration detainee, has filed a federal petition for writ of habeas corpus, under 28 U.S.C. § 2241. Petitioner is currently being held at the Buffalo Federal Detention Facility in Batavia, New York. Petitioner's underlying federal habeas petition appears to be challenging his current detention.[1]

---

[1] To the extent petitioner intends to challenge an order of removal, the Court notes that it lacks jurisdiction to consider such a challenge. *See* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal"); *see also Ching v. Mayorkas*, 725 F.3d 1149, 1154 (9th Cir. 2013) ("the district court lacked jurisdiction to consider that claim because a petition for review with the court of appeals is the "sole and exclusive means for judicial review of an order of removal").

Case No. 18-CV-07226-LHK
ORDER

1

Section 2241 allows "the [U.S.] Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004). Where a petitioner is incarcerated in one state and files a § 2241 petition in a federal district court in another state, therefore, the federal district court lacks jurisdiction over his custodian to effect process or enforce its orders and must accordingly transfer or dismiss the petition. *See, e.g., United States v. Giddings*, 740 F.2d 770, 771 (9th Cir. 1984) (no jurisdiction in Washington to address a petition where inmate incarcerated in Kansas).

Because petitioner is incarcerated within the Western District of New York, this case is TRANSFERRED to the U.S. District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a). The Clerk shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: 3/19/2019

*Lucy H Koh*
LUCY H. KOH
United States District Judge