UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDRE JUSTE,

      Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY,

      Respondent.

19-CV-395
ORDER

On November 29, 2018, the pro se petitioner, Andre Juste, commenced this action in the United States District Court for the Northern District of California while he was a civil immigration detainee being held at the Buffalo Federal Detention Facility. Docket Item 1. The petitioner claimed that he had been in United States Immigration and Customs Enforcement custody for far longer than the 90-day removal period and that he was then being detained in violation of the Constitution. *See generally* 8 U.S.C. § 1231(a)(1) (Attorney General, succeeded by the Secretary of Homeland Security for this purpose, must remove alien within 90 days of final order of removal), (a)(6) ("An alien ordered removed . . . may be detained beyond the [90-day] removal period . . ."); *Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001) (presumptive limit to reasonable duration of detention under § 1231(a)(6) is six months; after six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing"); *see also* 8 U.S.C. § 1226(c) (Attorney General to detain certain aliens); *Jennings v. Rodriguez,* 138 S.Ct. 830, 851 (2018) (reserving determination of

merits of due process arguments regarding extended detention without bond). He therefore sought relief under 28 U.S.C. § 2241. Docket Item 1.

This case was transferred to the Western District of New York by order of United States District Court Judge Lucy H. Koh on March 19, 2019. Docket Item 4. But on January 9, 2019, the petitioner had been released from the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement. Accordingly, because Juste has been released and no longer is in the custody of the United States Department of Homeland Security, his petition is moot, and the petition is dismissed.[1]

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed

---

[1] *See Arthur v. DHS/ICE*, 713 F. Supp. 2d 179 (W.D.N.Y. 2010) (accepting report and recommendation) (finding petition for a writ of habeas corpus seeking release from detention pending removal to be moot upon removal of petitioner); *Masoud v. Filip*, 2009 WL 223006 (W.D.N.Y. Jan. 27, 2009) (accepting report and recommendation) (finding petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal to be moot upon release of petitioner from detention pursuant to order of supervision); *see also Leybinsky v. ICE*, 553 Fed. App'x 108 (2d Cir. 2014) (summary order) (finding that petitioner's release from ICE custody pending removal following final order of removal moots petition for a writ of habeas corpus under 28 U.S.C. § 2241, and "capable of repetition but evading review" exception to mootness doctrine does not apply).

On December 13, 2018, the petitioner had moved for leave to proceed in forma pauperis. Docket Item 3. That motion is denied as moot as well.

with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

This Court DISMISSES the petition and DENIES leave to appeal as a poor person.

SO ORDERED.

Dated: June 5, 2019
        Buffalo, New York

     *s/ Lawrence J. Vilardo*
     LAWRENCE J. VILARDO
     UNITED STATES DISTRICT JUDGE